**Harvey Joseph MOUSO, Relator,**

v.

**Honorable Lee G. ALWORTH, Respondent.**

No. 09–89–123–CV.

Court of Appeals of Texas, Beaumont.

Aug. 31, 1989.

M. Brooks Royall, Houston, for relator.

Jerry C. Adam, Houston, for respondent.

## OPINION

BROOKSHIRE, Justice.

Mouso filed a petition for writ of mandamus. Relator's basic thrust is that he is entitled to a writ of mandamus because the record presented before us in its briefs with authorities and arguments lucidly delineates an act that the trial court was clearly bound to perform and the Relator's unquestioned right to have that act performed.

This original proceeding, we think, is not complicated. The Relator charges that the trial court erroneously refused to conduct a hearing on his special appearance pursuant to *TEX.R.CIV.P. 120a* filed on August 22, 1988. Instead of first having the hearing on the special appearance which challenged the jurisdiction of the trial court, the trial court transferred the suit (which affected a child-parent relationship) to another county by order signed August 31, 1988.

It is interesting to note that there had been a prior motion to modify a suit affecting the child-parent relationship filed January 19, 1987. The Respondent there, Harvey Joseph Mouso, filed his special appearance on February 23, 1987. Respondent Mouso shortly thereafter filed his first amended special appearance which was granted on or about April 13th or 14th, 1987. The trial court had decided that the case should be dismissed, and it was dismissed for want of in personam jurisdiction of the Respondent.

Thereafter a second motion to modify suit affecting a child-parent relationship was *filed on June 13, 1988,* which is the initial pleading giving rise to this mandamus action. A motion to transfer was filed on the same date. For a second time the Respondent filed a special appearance bearing the file mark August 22, 1988. In this second motion to modify filed by the mother, it is interesting to note that the two children involved were born in Fort Campbell, Kentucky, in August of 1974, and in Berlin, Germany, in October of 1976. The movant-mother, Debra Sue Mouso, conceded that Harvey J. Mouso was a non-resident of Texas, and that his address was U.S. Federal Courthouse Building, 15 Henry Street, Room 101K, Binghampton, New York. The Respondent–Relator's special appearance was filed prior to any other pleading of the Respondent and the special appearance pleading was made to the entire proceedings and motions filed by Debra Sue Mouso. Respondent specifically plead that the trial court did not have jurisdiction over the Respondent's person, setting out the six grounds for relief. Nevertheless, on August 31, 1988, without hearing the special appearance plea the suit was transferred from Montgomery County to Harris County, Texas, reciting that the same was done within the provisions of the Texas Family Code. This recitation is a general one. There was a hearing held on the motion to transfer the case to Harris County on August 31, 1988, and the attorney of record for Debra Sue Mouso took the position that the motion for transfer was set first. Then we find in the record:

"MR. ADAM [Debra Sue's attorney]: Your Honor, I filed a motion to modify. He was served on August 12th. He made no controverting affidavit. And as a matter of law it is supposed to be transferred to Harris County."

At that time a new or second special appearance had been filed in behalf of the Relator. It is clear from the record that the attorney for the Relator was trying to obtain a correct hearing on Relator's special appearance plea. The attorney for Debra Sue said:

"... Judge, the respondent was served in New York on August the 12th. I have the law code that says under 1106 [sic] that if there is not a controverting affidavit filed within 10 days, it is automatic and mandatory without a hearing to be transferred. That is also written on 750 Southwest Second 35 in the Cosky vs. McClung (spelled phonetically).

"MS. ROYALL: Your Honor, before we proceed, Rule 120a, subsection 2 states that a special appearance must be heard prior to anything else including a motion to transfer venue.

"MR. ADAMS: Judge, this case as a matter of law would have to be transferred on August 22nd after the 10 days expired."

We also find this in the record:

"THE COURT: What rules were you referring to?

"MR. ADAMS: 1106. Also there is a case that came out May of '88 out of the Court of Appeals that interprets that section. It says that the transfer of a suit affecting the parent/child relationship to the county of the child's residence is automatic and mandatory without a hearing, that the movant's uncontroverted affidavit establishes a six month residency elsewhere. It is our contention that since they did not attack or file a controverting affidavit as to the six months residency, that the special appearance must be transferred along with the case to Harris County. 750, page 35, Your Honor."

Again, Ms. Royall vigorously insisted that the special appearance under Rule 120a must be heard prior to any motion to transfer. Again, Ms. Royall insisted that her position was that there was nothing to transfer, that there was simply no in personam jurisdiction in the trial court, stating that there had been a prior full-blown hearing on that issue. The trial court had previously decided this issue in favor of Harvey Mouso. The prior special appearance had been fully granted and the position was taken by Relator that if Debra Sue was dissatisfied with the trial court's prior ruling then she should have appealed that ruling to the proper appellate court.

The Relator's attorney kept insisting that none of the jurisdictional facts had changed and that the new, second motion was simply an attempt to transfer the case out of the Montgomery County court to a court in another county where a different trial judge could reexamine what the Montgomery County district judge had properly done. Relator argued that Debra Sue's proper and only remedy would be to have the adverse decision reexamined in the Court of Appeals upon an appeal, which Debra Sue Mouso wholly failed to do. Again, the attorney for Debra Sue Mouso insisted that the transfer was automatic and mandatory without a hearing 10 days after he was served, stating that the 10th day was the 22nd day of August and the date of the hearing was August 31st.

 We think that there was an understandable mistake. We do not think that the 10–day rule applied at the relevant time under Section 11.06, but rather a 20–day rule applied. The time for ruling upon any controverting affidavit had simply not expired. We think it is axiomatic that before a court has the power to transfer a case under state statute, even one in the Family Code, that the court would have to possess the proper jurisdiction of the litigation, including in personam jurisdiction. We hold that Rule 120a is paramount and that a hearing on the special appearance must be held first.

The writ of mandamus is granted conditionally. We have confidence that the Montgomery County district judge will promptly and expediously hold the hearing

on the special appearance filed by Harvey Joseph Mouso. If not, then the writ of mandamus will issue.

We order, if necessary, the entire proceeding to be before the District Court of Montgomery County.